*Municipal Court of the City of Boston*
No. 342868
### HABEEB WYSHAK
v.
### DELAWARE & HUDSON CO., Dft.
### AND
### DELAWARE & HUDSON RAILROAD
### CORP., Tr.
(Nov. 3, 1952 - Jan. 27, 1953)

*Gillen, J.* This is an action of contract or tort in which the plaintiff seeks to recover damages for the withholding and retention of dividends which were declared on the common stock of the defendant, Delaware & Hudson Company, and which were not paid over to the plaintiff, a stockholder, by the defendant on the dates prescribed in the resolutions declaring said dividends. The trustee made a special appearance and filed a plea in abatement.

At the hearing on the trustee's plea in abatement, a witness who is the New England freight agent for the trustee and head of the Boston Agency of the Delaware & Hudson Railroad Corporation testified. From him the following evidence was obtained. The trustee railroad has lines in New York and Pennsylvania with no lines in Massachusetts. There is an office at 150 Causeway Street, Boston, consisting of a room approximately 1550 square feet, partitioned off to result in two private offices. It is listed at that address both in the Greater Boston telephone directory under the name Delaware & Hudson Railroad Corporation and also in the Official Guide of the Railways and Transportation Companies of the United States. There are desks, correspondence files, chairs and the usual office furniture in these offices, all of which are owned by the trustee and upon which a personal property tax is paid to the City

of Boston. Eleven people are employed; six who cover New England in the solicitation of traffic and four clerks in the office. The office is considered a sales office for the railroad which solicits traffic by calls on shippers and receivers of freight. There is no bank account in Massachusetts and all employees and rent are paid from the home office in Albany, New York. In addition to the solicitation of sales, the men quote rates and trace cars for their customers. If a customer should call and complain that a shipment has not been received, the office would trace the shipment. If a customer complains that goods were damaged on the Delaware & Hudson, the office would normally do nothing because a complaint in such a case must be filed with the originating or delivering carrier, and since the Delaware & Hudson has no tracks in New England, it is never either an originating or delivering carrier in that area. The customer would accordingly be advised to file a claim of loss with the proper carrier. Sometimes, as a matter of courtesy, a salesman will help him prepare it. These premises have been used as an office since 1939. No one ever sends money into this office. All expenses are paid by the home office in Albany. If told by the home office to investigate a complaint, the Boston office would do so, as they have on several occasions. However, they are not empowered to make settlements. They do trace cars and shipments quite frequently. The salesmen entertain customers and engage in promotional activities to solicit freight and traffic on the trustee's lines. Passenger tickets are not sold by this office; however, the trustee's timetables are distributed throughout Boston.

The plaintiff offered and there was admitted in evidence photographs of the doors to the offices and the building directory at 150 Causeway Street, Boston, and the letterhead used by this office showing only the Boston address.

At the close of the evidence the plaintiff made the following requests for rulings:

1. The evidence is insufficient to warrant a finding for the trustee.

2. Upon all the evidence that the trustee maintains offices in Boston out of which employees work in soliciting business and do promotional work in order to induce people to ship and route goods and merchandise over the trustee's lines and that such solicitation and promotional work and investigation of complaints and car tracing do take place, a denial of the trustee's motion to discharge, or treating the motion as an answer in abatement, an overruling of the answer in abatement is warranted.

3. The evidence is sufficient to warrant a finding that Eugene Cato, the person upon whom process was served, is a proper person as agent of the trustee for service of process.

The court disposed of the plaintiff's requests for rulings as follows with the following comments:

1. No.

2. It is warranted but not required. See facts.

3. Yes but on other grounds plea in abatement is sustained.

The court found the following facts, and sustained the trustee's plea in abatement: "I do not find that the office maintained in Boston by trustee is concerned with any more than soliciting freight for lines of trustee outside of Commonwealth. I do not find that trustee's agent in Boston or the trustee has a bank account in this Commonwealth or that he discharged any other duties in this Commonwealth except on rare occasions when on request he may investigate a matter for trustee or trace a car."

The plaintiff claims to be aggrieved by the disposition of the first two requests for rulings and the sustaining of the trustee's plea in abatement.

General Laws, chapter 146, section 1 reads in part: "All personal actions, . . . may be commenced by trustee process, and any person may be summoned as trustee of the defendant therein; . . . An individual who is not an inhabitant of the commonwealth, or a foreign corporation or association, shall not be so summoned unless he or it has a usual place of business in the commonwealth."

The question is whether the Delaware & Hudson Railroad Corporation on the evidence should have been found to have a usual place of business in this commonwealth so that it could be summoned as a trustee under the statute. Until *Wyshak* v. *Anaconda Copper Mining Corporation,* 1952 A. S., at page 21, was decided, there was no decision of the Massachusetts Court arising under the statute relating to trustee process as here concerned.

In *Wyshak* v. *Anaconda Copper Mining Corporation, supra,* the court said that mere solicitation was present. There the corporation had an office in this commonwealth with a staff working in it or from it as a base although it was a foreign corporation. In addition to straight solicitation the activities embraced promotional work and investigation of complaints and the court held that this partook of activity outside the simple solicitation of business and as such amounted to having a usual place of business in this commonwealth and held it was error to sustain the plea in abatement. The present case does not differ in substance from *Wyshak* v. *Anaconda Copper Mining Corporation, supra.*

In the instant case the Delaware and Hudson Railroad Corporation had an office in Boston. It is listed in the Greater Boston telephone directory and in the Official Guide of the Railways and Transportation Companies of the United States. There is the usual office furniture in the office

owned by the trustee and upon which a personal property tax is paid to the City of Boston. Eleven people are employed there; six cover New England in the solicitation of traffic. In addition to the solicitation of sales the men quote rates and trace cars for their customers. If a customer should call and complain that a shipment has not been received, the office would trace the shipment. Sometimes, as a matter of courtesy, a salesman will help a customer prepare a claim of loss which is to be filed with a proper carrier. On several occasions this Boston office has investigated complaints when told to do so by the home office. Quite frequently the Boston office traces cars and shipments. The salesmen entertain customers and engage in promotional activities to solicit freight and traffic on the trustee's lines. We think in the instant case the activities amounted to more than the mere solicitation of business and as such the trustee had a usual place of business in this Commonwealth.

The sole witness was the New England freight agent of the trustee, the head of the Boston Agency of the Delaware and Hudson Railroad Corporation. There is nothing in the findings of the trial judge to indicate that he disbelieved any of the testimony of this witness.

We hold in light of all the evidence in the case there was error in the sustaining of the plea in abatement; the order is

Plea in abatement overruled.

Robert H. Wyshak, for the Plaintiffs.

Henry V. Atherton, for the Defendants.